COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-392-CR
 
LADIAMON HARRIS                                                               APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Pursuant to a plea bargain, Appellant Ladiamon Harris pled guilty to the 
offense of robbery by threat, a second degree felony. 
 

 The trial court placed 
him on deferred adjudication community supervision for seven years. About
seven months later, the State filed a petition to proceed to adjudication, alleging
that Appellant had committed a new offense. The jury convicted Appellant of
the new offense,
 

 and the trial court found the allegation true, concluding that 
Appellant had violated the terms of his deferred adjudication community
supervision. The trial court then adjudicated Appellant guilty and assessed
punishment at twenty years’ confinement in the Institutional Division of the
Texas Department of Criminal Justice. Appellant timely filed a general notice
of appeal, which has not been amended.
        Appellant’s court-appointed appellate counsel has filed a motion to 
withdraw as counsel and a brief in support of that motion. In the brief, counsel 
avers that, in his professional opinion, this appeal is frivolous. Counsel’s brief 
and motion meet the requirements of Anders v. California 
 

 by presenting a 
professional evaluation of the record demonstrating why there are no arguable
grounds for relief. This court provided Appellant the opportunity to file a pro
se brief, but he has not done so.
        Once Appellant’s court-appointed counsel files a motion to withdraw on 
the ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any arguable 
ground that may be raised on his behalf. 
 

 
        Appellant is foreclosed from now raising issues related to his original plea 
proceeding.
 

 Similarly, he is prohibited from appealing the adjudication of guilt. 
 


The only exception to these rules is the “void judgment” exception. 
 

 As the 
Texas Court of Criminal Appeals has explained: 
A judgment of conviction for a crime is void when (1) the
document purporting to be a charging instrument (i.e. indictment,
information, or complaint) does not satisfy the constitutional
requisites of a charging instrument, thus the trial court has no
jurisdiction over the defendant, (2) the trial court lacks subject
matter jurisdiction over the offense charged, such as when a
misdemeanor involving official misconduct is tried in a county court
at law, (3) the record reflects that there is no evidence to support
the conviction, or (4) an indigent defendant is required to face
criminal trial proceedings without appointed counsel, when such
has not been waived, in violation of Gideon v. Wainwright.


 

        Our review of the record reveals no jurisdictional defects. The trial court 
had jurisdiction over this case. 
 

 Further, the felony information, coupled with 
Appellant’s affirmative waiver of indictment, sufficiently conferred jurisdiction
on the trial court and provided Appellant with sufficient notice.
 

 The record 
demonstrates that there was evidence to support the conviction. Appellant’s
signed judicial confession appears in the clerk’s record, and the trial court took
judicial notice of it.
 

 Even though no reporter’s record from the original 
proceeding is before us, “for a judgment to be void, the record must leave no
question about the existence of the fundamental defect. If the record is
incomplete, and the missing portion could conceivably show that the defect
does not in fact exist, then the judgment is not void.”
 

 Consequently, 
Appellant could not rely on the absence of the reporter’s record to allege a
“void judgment” at this stage. Finally, the record shows that Appellant had
counsel for the proceedings. We conclude that the “void judgment” exception
does not apply to Appellant. Appellant may, however, still challenge all
proceedings occurring after adjudication.
 

 
        Our review of the record after adjudication yields no reversible error. We 
have already upheld Appellant’s conviction for the new offense, holding that the 
evidence in that case was legally sufficient to support the judgment. 
 

 Proof 
of just one allegation in the petition to adjudicate is sufficient support for
revocation.
 

 Further, the sentence assessed by the trial court is within the 
statutorily permissible range.
 

 There is also no evidence in the record that 
Appellant’s trial counsel at revocation and punishment was ineffective.
 


        After independently reviewing the record, we therefore agree with 
appellate counsel’s determination that any appeal from this case would be 
frivolous. Accordingly, we grant appellate counsel’s motion to withdraw and 
affirm the trial court’s judgment. 
                                                                           PER CURIAM 
PANEL F:   DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 23, 2003